IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

TAMMY HOLLIFIELD,                                        Civil Action File No.

        Plaintiff,                                        2:22-CV-176-RWS

v.

WAL-MART STORES EAST, LP,

        Defendant.

_____/

## **NOTICE OF REMOVAL**

COMES NOW WAL-MART STORES EAST, LP named Defendant in the above-captioned matter, by and through its counsel of record, within the time prescribed by law, and files this Notice of Removal, showing the Court as follows:

1.

The above-named Plaintiff filed suit against Defendant WAL-MART STORES EAST, LP in the Superior Court of Pickens County, Georgia, which is within the GAINESVILLE Division of this Court. 28 U.S.C.A. § 90(a)(1).  Said lawsuit is styled as above and is numbered as Civil Action File No. 2022SUCV0366. Plaintiff's claims against Defendant includes claims of negligence and premises

liability.

2.

Plaintiff filed the Complaint on or about July 15, 2022. Defendant WAL-MART STORES EAST, LP received service of summons and a copy of the Complaint on August 11, 2022. Defendant WAL-MART STORES EAST, LP files this notice of Removal within thirty (30) days after service of summons and a copy of this Complaint.

3.

Defendant WAL-MART STORES EAST, LP is a Delaware limited partnership, of which WSE Management, LLC is the only general partner, and WSE Investment, LLC is the only limited partner. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC, and the sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas, and it was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of this lawsuit or at any time thereafter. The principal place of business for all entities mentioned in this paragraph is 708 SW 8th Street, Bentonville, AR 72716.

4.

Tammy Hollifield is a citizen of the State of Georgia.

5.

Complete diversity of citizenship exists between Plaintiff and Defendant.

6.

Plaintiff claims "extensive medical treatment and surgical repair" due to "Anterior Cruciate Ligament Tear and Meniscus Cruciate Ligament Tear" and a sprained wrist, continuing and "permanent" bodily injuries, past, present and future physical and mental pain and suffering inconvenience, "loss of the capacity for the enjoyment of life," inability to enjoy a normal life, lost wages, "disability," mental anguish, past medical expenses in excess of $46,848.35, and future medical expenses (see Complaint paragraphs 21, 22, 24, 25 26 and second 26).   The amount in controversy, exclusive of interest and costs, exceeds $75,000.

**"Complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000."** Hickerson v. Enterprise Leasing Company of Georgia, LLC, 818 Fed.Appx. 880, 883 (11th Cir. 2020) (emphasis added) (citing Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000)(concluding that plaintiff's unspecified

damages, including permanent disfigurement as well as pain and suffering, satisfied the "facially apparent" inquiry); Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (holding that plaintiff's alleged damages for property damage, travel expenses, an emergency ambulance trip, a stay in the hospital, and pain and suffering met the jurisdictional amount)).   See also Hoskins v. Wal-Mart Stores East, L.P., Case No. 1:21-CV-00249-ELR (N.D. Ga. June 17, 2021) (attached as Appendix "A"); Roe v. Michelin North America, Inc., 613 F.3d 1058 (11th Cir. 2010).   Here, Plaintiff alleges serious, lasting physical injuries.   Indeed, in Plaintiff's complaint, **Plaintiff claims she has permanent impairment and disability**.

Moreover, although Plaintiff alleges $46,848.35 in past medical specials, Plaintiff omits specific amounts for various other alleged special damages:

- Lost wages and reduced earning capacity (Complaint ¶ 21)

- Future medical expenses ("Plaintiff will incur additional medical expenses for other future medical care related to this injury." Complaint ¶ 25)

Though she was required by O.C.G.A. § 9-11-9.1 to specially plead the amount of those lost wages, Plaintiff failed to do so.   A diverse plaintiff cannot "defeat federal jurisdiction simply by drafting her pleadings in a way that did not specify an

approximate value of the claims and thereafter provide the defendant with no details on the value of the claim." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).   For instance, where a plaintiff alleges that she has incurred special damages but does not allege those special damages with specificity in the complaint (as plaintiff is required to do under O.C.G.A. § 9-11-9.1), a federal court may consider the withholding of that information to be an attempt to gain a tactical advantage by shielding plaintiff's case from removal to federal court. Peters v. Wal-Mart Stores East, LP, No. 1:13-CV-76 (WLS), 2013 WL 4647379, at *2 (M.D. Ga. Aug. 29, 2013).   Thus, as in Peters, the Court should consider this omission to be an effort by Plaintiff to gain a tactical advantage by attempting to shield her claim from federal court jurisdiction, and hold that such "shielding" supports a finding that the amount in controversy exceeds $75,000.

Further, past medical expenses and past lost wages are not the only special damages Plaintiff seeks.   As mentioned above, Plaintiff specifically asserts that she "**will incur additional medical expenses for future medical care related to this injury**" and Plaintiff seeks recovery for that future care.   (Complaint ¶¶ 25-26) (emphasis added).   Such items of special damages should be considered in assessing the amount in controversy.

On top of these special damages, Plaintiff also seeks general damages for past, present, and future pain and suffering, disability, mental anguish, the loss of capacity for the enjoyment of life, and permanent injuries.  (Complaint ¶ 26).  Defendant respectfully submits that, in light of these alleged <u>serious</u> and <u>permanent</u> injuries which allegedly required surgery, for which Plaintiff has already allegedly incurred $46,848.35 in <u>past</u> medical expenses, an (intentionally) untold amount of <u>past</u> lost wages, and for which Plaintiff is <u>still</u> undergoing medical treatment, and has suffered and is <u>still</u> suffering physical pain, mental anguish, disability, and permanent injury, judicial experience and common sense dictate that the jurisdictional amount is satisfied.

Confronted with similar facts (and, sometimes, less compelling facts), Georgia federal courts, including courts in the Northern District, have found that the amount-in-controversy requirement was met.   <u>Lewis v. Wal-Mart Stores Inc. et al.</u>, Civil Action No. 1:16-CV-01558-CAP, at 2-3 (N.D. Ga. July 1, 2016) (attached as Appendix "A") (applying judicial experience and common sense to find amount in controversy exceeded $75,000 where plaintiff sought "at least $21,132.58 in past medical expenses," pain and suffering, loss of enjoyment of life, emotional distress, and costs); <u>Devezin et al. v. Wal-Mart Stores East, LP</u>, Civil Action No. 1:14-cv-

03721-CAP, at 2-3 (N.D. Ga. Feb. 20, 2015) (attached as Appendix "B") (applying judicial experience and common sense to find amount in controversy exceeded $75,000 where plaintiff alleged "serious injuries" with over $30,000 past medical expenses at the time the complaint was filed, and sought compensation for unspecified future medical expenses, unspecified past and future lost wages, past, present, and future pain and suffering, punitive damages, and attorney fees); Hickerson, 818 Fed.Appx. at 884 (affirming district court's application of judicial experience and common sense to find amount in controversy exceeded $75,000 where plaintiff alleged "serious and long-lasting" injuries with over $25,000 past medical expenses, and sought compensation for unspecified future medical expenses, and  pain and suffering); Peters, 2013 WL 4647379, at *1-3 (applying judicial experience and common sense to find amount in controversy exceeded $75,000 where plaintiff alleged "permanent injuries" with over $16,522.25 in past medical expenses plus an unspecified additional amount of past medicals already incurred, and sought compensation for unspecified future medical expenses, and pain and suffering); Perkins v. Lonero-Deck, Civil Action No. 3:08-CV-00022-JTC, 2008 WL 11337994, at *1-2 (N.D. Ga. July 28, 2008) (finding amount in controversy exceeded $75,000 where plaintiff alleged "permanent disability" with

past medical specials "to date in excess of $30,000.00", and sought compensation for "undetermined damages for over two years of lost wages, as well as future medical costs and permanent disability"); Purdiman v. Organon Pharmaceuticals USA, Inc., Civil Action No. 2:08-CV-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008).

For these reasons, in this case, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, based on complete diversity of citizenship between Plaintiff and Defendant.

8.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendant has attached as Exhibit "A" copies of all the pleadings that were provided to and served upon Defendant, including copies of all pleadings that have been filed to date in the Superior Court of Pickens County, Georgia for the above-styled case.

9.

Pursuant to 28 U.S.C. § 1446, Defendant is not required to file a removal bond.

10.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

11.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Pickens County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendant WAL-MART STORES EAST, LP prays that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Gainesville Division.

McLAIN & MERRITT, P.C.


/s/    Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA   30326
(404) 266-9171
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

Page -9-

The undersigned counsel certifies that the foregoing Notice of Removal has been prepared with one of the font and point selections approved by the court in LR 5.1B.

/s/ Nicholas E. Deeb
Nicholas E. Deeb

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on September 6, 2022, I electronically filed a **NOTICE**

**OF REMOVAL** with the Clerk of Court using the CM/ECF system which will

automatically send email notification of such filing to attorneys of record.

McLAIN & MERRITT, P.C.

 /s/    Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA   30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com