⸚ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PICKENS COUNTY, GEORGIA

**2022SUCV0366**

JUL 15, 2022 11:03 AM

*Jennifer E. Jordan*
Jennifer E. Jordan, Clerk
Pickens County, Georgia

## IN THE SUPERIOR COURT OF PICKENS COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| TAMMY HOLLIFIELD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| Vs. | : | CIVIL ACTION FILE |
| | : | NO. _____ |
| WAL-MART STORES EAST, LP | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

### COMPLAINT FOR DAMAGES

COMES NOW, Tammy Hollifield, Plaintiff in the above-styled action, and hereby states her complaint against Defendant as follows:

### JURISDICTION AND VENUE

1.

Plaintiff Tammy Hollifield is a citizen and resident of Pickens County, Georgia.

2.

Defendant WAL-MART STORES EAST, LP (hereinafter "Wal-Mart") is a Limited Partnership that transacts business in Georgia. Defendant may be served through its registered agent, The Corporation Company (FL), at 112 North Main Street, Cumming, Georgia 30040.

3.

Jurisdiction and venue are proper as to Wal-Mart.

4.

At all times relevant to this complaint, Defendant Wal-Mart was engaged in the retail industry, and in furtherance of its participation in that industry, kept and maintained a place of business known as Wal-Mart Supercenter Store # 5786, which, upon information and belief, was

-1-

located in Pickens County, Georgia at 1100 Old Philadelphia Road, Jasper, Georgia. The general public was specifically invited to enter said store to purchase goods and services.

5.

By virtue of the facts alleged herein, the venue of this action is properly laid in this Court.

## STATEMENT OF FACTS

6.

On or about August 25, 2020, shortly before 3:00 p.m., Plaintiff entered Walmart Supercenter #5786 to transact business in the store as a customer.

7.

By entering Defendant's store as a customer, Plaintiff held the status of a business invitee while on the Defendant's premises.

8.

Because Plaintiff was a business invitee, Defendants owed her a duty to inspect the premises for hazards and make the premises safe.

9.

At said time and place, Plaintiff entered Defendant's store, walked across a rug or mat in the vestibule area, then slipped and fell as she took her first step off the rug or mat. Plaintiff sustained serious injuries from the fall.

10.

For some time prior to her fall, it had been raining. At the time Plaintiff entered the store, it was not raining, but the rug or mat in question in the vestibule was wet with water.

11.

The rug or mat in question in the vestibule sat on top of a smooth tile surface that became unsafe when moisture was allowed to accumulate on top of it.

12.

At all times relevant to this Complaint, the vestibule entryway in question had been improperly maintained, at a time that customers were entering during rainy periods or following a rain storm.

13.

The vestibule entryway and the rug or mat in question had been allowed to remain in an improper and unsafe manner for such a period of time that Defendant, by and through their employees, knew or should have known that it created a hazardous condition for shoppers like Plaintiff.

14.

At all times relevant to this Complaint, the vestibule and rug or mat in question created a dangerous and hazardous condition of which Defendant, by and through their employees, had actual or constructive knowledge, and which could not have become known to Plaintiff in the exercise of reasonable care and diligence on her part.

15.

Defendant had actual knowledge of the existence of the dangerous and hazardous condition of the wet rug or mat which caused Plaintiff to fall and resulted in serious injuries to her.

16.

Even though Defendant possessed such knowledge, they took no steps or actions to either warn customers of the existence of such a condition or to timely correct or caution customers by placing signs near the front entrance.

17.

Additionally, Defendant had constructive notice and knowledge of the presence of the

-3-

dangerous and hazardous condition by virtue of attendant facts and circumstances which existed at the time of the occurrence complained of herein. Defendant negligently failed to inspect the premises and keep them safe. Further, Defendant negligently failed to have in place sufficient policies, practices, and procedures, which, in the exercise of ordinary care and diligence, would have prevented the occurrence of which Plaintiff complains.

18.

As a direct and proximate result of the negligence of Defendant, their agents, servants, and employees, Plaintiff suffered severe physical pain, mental anguish, and serious bodily injuries and will continue to experience serious physical pain and suffering and mental anguish in the future.

19.

Plaintiff shows that the direct and proximate cause of the injuries and damages complained of herein were due to the acts and omissions of Defendant as set forth herein.

## DAMAGES

20.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 19 above, as if fully set forth herein, and states as follows:

21.

Plaintiff is entitled to recover damages from Defendant for past, present and future pain and suffering, medical expenses, lost wages, and reduced earning capacity.

22.

As a direct and proximate result of the negligence of Defendant, Plaintiff sustained severe injuries, incurred past, and future medical expenses, past and future pain and suffering, past and future loss of enjoyment of life.

-4-

23.

Plaintiff is further entitled to recover any and all other general damages proximately caused by Defendant's negligence.

24.

As a direct and proximate cause of Defendant's negligent failure to correct a hazardous condition, Plaintiff was diagnosed with among other things, a sprained left wrist, Anterior Cruciate Ligament Tear and Meniscus Cruciate Ligament Tear. Plaintiff has undergone extensive medical treatment and surgical repair and has suffered other injuries to her body and psyche.

25.

Plaintiff shows that she has incurred medical expenses of totaling $46,848.35, itemized as follows:

| Piedmont Mountainside | $ 27,721.91 |
|---|---|
| Piedmont Physicians Group | $ 4,224.00 |
| Piedmont Orthopedic | $ 4,751.19 |
| American Health Imaging of Canton | $ 5,070.00 |
| Alliance Spine & Pain | $ 580.25 |
| Mulkey Anesthesiology Assoc | $ 3,840.00 |
| Advance Rehab | $ 661.00 |

Plaintiff will incur additional medical expenses for other future medical care related to this injury.

26.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and other damages permitted. Plaintiff states her intention to seek all compensatory, general, special, incidental, consequential, and

other damages permissible under Georgia law, including, but not limited to:

    a)  Personal injuries;

    b)  Past, present and future pain and suffering;

    c)  Past, present and future medical expenses;

    d)  Disability;

    e)  Mental anguish;

    f)  Loss of the capacity for the enjoyment of life;

    g)  Incidental expenses;

    h)  Permanent injuries; and

    i)  Consequential damages to be proven at trial.

26.

Plaintiff demands a trial by jury for all issues so triable.

WHEREFORE, Plaintiff prays as follows:

(a)    That process issue to Defendant as required by law;

(b)    That Plaintiff has judgment against Defendant, in an amount to be proven at trial, for past and future medical expenses;

(c)    That Plaintiff has judgment against Defendant in an amount to be determined at trial, for past, present and future pain and suffering;

(d)    That Plaintiff has a trial by jury on all issues so triable; and

(e )    That Plaintiff has such other and further relief as this Court deems just, equitable and proper.

[Signature on following page]

Respectfully submitted,

**SINGLETON LAW FIRM., LLC**

/s/:  Donald W. Singleton
By:  **DONALD W. SINGLETON**
Georgia Bar No.:  649043
Attorney for Plaintiff

8425 Dunwoody Pl
Atlanta, Georgia 30350
Phone: (770) 889-6010
Fax: (888) 314-6165
Email: don@dwsingletonlaw.com

⸫ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PICKENS COUNTY. GEORGIA

**2022SUCV0366**

JUL 15, 2022 11:03 AM

*Jennifer E. Jordan*
Jennifer E. Jordan, Clerk
Pickens County, Georgia

**IN THE SUPERIOR COURT OF PICKENS COUNTY
STATE OF GEORGIA**

TAMMY HOLLIFIELD,                      :
                                       :
            Plaintiff,                 :
                                       :
Vs.                                    :     CIVIL ACTION FILE
                                       :     NO. _____
WAL-MART STORES EAST, LP               :
                                       :
                                       :
            Defendant.                 :
                                       :

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT

TO:   DEFENDANT, WAL-MART STORES, EAST, LP

Pursuant to O.C.G.A. Section 9-11-36, you are hereby requested to answer, in the form provided by law, the following Requests for Admission:

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party Defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

≛ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PICKENS COUNTY, GEORGIA

**2022SUCV0366**

JUL 15, 2022 11:03 AM

*Jennifer E. Jordan*
Jennifer E. Jordan, Clerk
Pickens County, Georgia

## IN THE SUPERIOR COURT OF PICKENS COUNTY
## STATE OF GEORGIA

|                              |     |                        |
|------------------------------|-----|------------------------|
| TAMMY HOLLIFIELD,            | :   |                        |
|                              | :   |                        |
| Plaintiff,                   | :   |                        |
|                              | :   |                        |
| Vs.                          | :   | CIVIL ACTION FILE      |
|                              | :   | NO. _____    |
| WAL-MART STORES EAST, LP     | :   |                        |
|                              | :   |                        |
|                              | :   |                        |
| Defendant.                   | :   |                        |
|                              | :   |                        |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT

TO:   DEFENDANT, WAL-MART STORES, EAST, LP

Pursuant to O.C.G.A. Section 9-11-36, you are hereby requested to answer, in the form provided by law, the following Requests for Admission:

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party Defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

Pickens County Superior Court has jurisdiction over the subject matter of this case.

6.

Pickens County Superior Court has personal jurisdiction over you as a party Defendant in this case.

7.

Venue is proper in Pickens County Superior Court.

8.

The incident in Plaintiff's Complaint occurred on August 25, 2020 in the Wal-Mart store located at 1100 Old Philadelphia Road, Jasper, Georgia ("the subject premises").

9.

On August 25, 2020, and at the time of Plaintiff's injury, this Defendant managed the subject premises.

10.

On August 25, 2020, and at the time of Plaintiff's injury, this Defendant was responsible for maintaining the subject premises and where Plaintiff fell.

11.

On August 25, 2020, and at the time of Plaintiff's injury, this Defendant was in control of the subject premises and where Plaintiff fell.

12.

Defendant hired no other company, person or business (other than its direct employees) to assist with inspecting, repairing, and maintaining the premises at issue in Plaintiff's Complaint and where Plaintiff fell.

13.

Plaintiff has not failed to join an indispensable party in this action.

14.

Plaintiff has not failed to join a non-party who may be liable for Plaintiff's injuries.

Dated: July 7, 2022

Respectfully submitted,

**SINGLETON LAW FIRM, LLC**

/s/: Donald W. Singleton
By: Donald W. Singleton
Georgia Bar No. 649043
*Attorney for Plaintiff*

8425 Dunwoody Pl.
Atlanta, Georgia 30350
E: don@dwsingletonlaw.com
P: (770) 889-6010
F: (888) 314-6165

3

☙ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PICKENS COUNTY, GEORGIA

**2022SUCV0366**

JUL 15, 2022 11:03 AM

*Jennifer E. Jordan*
Jennifer E. Jordan, Clerk
Pickens County, Georgia

## IN THE SUPERIOR COURT OF PICKENS COUNTY
## STATE OF GEORGIA

TAMMY HOLLIFIELD,               :
                                :
               Plaintiff,       :
                                :
Vs.                             :       CIVIL ACTION FILE
                                :       NO. _____
WAL-MART STORES EAST, LP        :
                                :
                                :
               Defendants.      :
                                :

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

TO:   DEFENDANT, WAL-MART STORES EAST, LP

Plaintiff hereby requests pursuant to O.C.G.A. § 9-11-26 and § 9-11-33 that

Defendant(s) respond to the following written interrogatories under oath within the

time permitted by law.  Each of the following interrogatories shall be deemed

continuing and must be supplemented by Defendant(s) to the extent required by

O.C.G.A. § 9-11-26(e).

### DEFINITIONS AND INSTRUCTIONS

A.  These interrogatories shall be deemed continuing to the extent permitted

by O.C.G.A. § 9-11-26, et seq., so as to require Defendant(s) to serve upon all parties

supplemental answers if Defendant(s) or its attorneys obtain further information

between the time the answers are served and the time of trial.

B.  "Document," whether singular or plural, means documents and other

tangible things defined in the broadest sense permitted by the Georgia Civil

Practice Act and shall include without limitation originals or, if such are not

available, true copies, including copies of documents, videotapes, computer data,

and sound material, **whether in physical or electronic form**.

C. "Person" means any natural person, corporation, partnership, association,

governmental entity, agency, group, organization, etc.

## INTERROGATORIES

### 1.

Please identify the person(s) or entity who owned, managed and controlled the

premises referred to in the Complaint where the incident involving Plaintiff occurred

and for the date of her injuries.  If the ownership, control, or maintenance changed at

any time since said occurrence, please identify every subsequent person or entity.

### 2.

Please identify all persons who repaired, altered, renovated, inspected,

managed, cleaned, or maintained the area where Plaintiff fell on August 25, 2020,

including a detailed description of the action that was taken in regard to repairing,

altering, renovating, inspecting, managing or maintaining the area at issue in

Plaintiff's Complaint and where Plaintiff fell.

### 3.

If you are aware of any claim or complaint occurring in the eight hours before

Plaintiff's injuries regarding any claimed problem or defect in or near the area

2

where Plaintiff fell, please identify the details of said report or complaint, including what happened, dates, times, persons involved, and whether suit was filed.

4.

Please identify and describe in detail any program, policy or action implemented by you (before and at the time of Plaintiff's injuries) to inspect, repair, alter, manage, clean, or maintain the premises at issue in Plaintiff's Complaint and where Plaintiff fell. This request also includes training procedures of your employees, agents, or business invitees that had any responsibility for the premises and approaches in question.

5.

Please describe each and every warning that you claim was provided to Plaintiff or other person regarding any danger associated with the premises at issue.

6.

Give the name, address, and telephone number of all witnesses that have knowledge regarding the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit. For each witness, please state the following:

(a) Whether the witness investigated any aspect of the occurrence which is the subject of this litigation, and whether each made a written record of the investigation;

3

(b) Whether the witness was an eyewitness to the incident;

(c) Whether the witness is or was an employee of Defendant(s). If the witness is an employee of Defendant(s), state their job title, whether they were a manager or supervisor, and whether they were working at the time of the incident;

(d) If you obtained a statement (oral, written, recorded, court or deposition transcript, etc.) from any witness identified by you. If you did obtain a statement, please state the name of each person giving the statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

7.

Please identify any and all insurance, including excess or umbrella coverage or coverage by any other description (med-pay, etc.), which does or may afford insurance coverage to you for the claims made in this lawsuit, including the name of each insurance company, the applicable coverage, the insured(s) under each policy, and whether you have received any type of reservation of rights letter regarding coverage.

8.

Please identify all persons who have in any way investigated the claims made in this lawsuit, and whether each has made a written record of the investigation.

4

9.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person or entity, did or failed to do, which in any way contributed to the subject occurrence and Plaintiff's injuries.

10.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place. Please include in this response a listing of each person and circumstance you believe to have caused, or contributed to causing, the subject occurrence.

11.

Please state the basis (factual and legal) for each defense that you assert in this action, to include any service defenses.

12.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. With respect to each person, please state:

(a)     the specific subject matter on which you expect such expert to testify;

(b)     the substance of the facts, opinions, and conclusions which you expect such expert to testify;

(c)     the grounds for each such opinion or conclusion;

5

(d)      whether any of such persons have prepared or provided you with a

written or recorded statement, or report concerning their investigation or study,

or the facts found by them, or the conclusions or opinions arrived at by them or

the grounds of their opinions or conclusions.  If so, state the date of each such

report or statement, and the names and addresses of all persons who have a

copy of such report or statement.

(e)      the name, business telephone number, and business address, of each

person you retained or specially employed in the anticipation of litigation or

preparation for trial whom you do not expect to call as a witness at the trial of

the case.

(f)      whether the expert has ever been limited in the expert's ability to testify

or ever been denied qualifications under a <u>Daubert</u> standard.

13.

Please identify with specificity all injury claims or complaints made against

you for injuries at the subject Wal-Mart, either <u>before</u> or <u>after</u> the incident that is

the subject matter of this litigation, including the date, time and place of

occurrence; the name, address and telephone number of all parties involved in said

accident; the address of all investigating people or departments, personal injuries, if

any, claimed in such incident; a short description of how the incident occurred, and

whether suit was filed.

6

14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item. (NOTE: You need not describe any document that was produced <u>and</u> specifically listed as having been produced in your responses to Plaintiff's First Request for Production of Documents.)

15.

State the substance of each conversation you or your agents or employees had with Plaintiff or her family or agents at the time of or at any time before the occurrence giving rise to this lawsuit, or any statement made by Plaintiff or her family or agents.

16.

Please identify any and all documentary or other tangible evidence, not previously identified, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

17.

Please identify all potential parties, individuals, entities or other person that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiff in this action. This interrogatory includes any entity or person

7

who may be nonparties at fault (such as under O.C.G.A. § 51-12-33 or other statute), including any non-party who may have caused or contributed to the hazardous condition at issue and/or caused or contributed to Plaintiff's injuries.

18.

If there was an investigation made of the incident that forms the basis of this suit, please state whether the defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which defendant was aware of at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

19.

Please identify what efforts were made by the Defendant to modify, repair, renovate, or alter the premises at issue, the area where Plaintiff fell, and inspection procedures before and/or after the incident at issue.

20.

All personnel actions, canceled contracts, or other action related to the subject incident, including any reprimands, termination letters, contract terminations, or counseling statements to Defendant's employees, agents, contractors or other person for acts or omissions related to the subject incident.

8

21.

Please identify and describe what substance was on the floor causing Plaintiff to slip, when such problem was known by Defendant, and what was/has been done to repair it at any point.

22.

Please state when you first anticipated the litigation that is the subject matter of Plaintiff's Complaint, and identify all people, evidence, and documents supporting your response on when you first anticipated this litigation.

23.

Please describe in detail your evidence and document retention policies, practices, and procedures concerning incidents at the subject store.

24.

Please identify each and every document, electronically stored information, or other tangible piece of evidence that was responsive to Plaintiff's First Request for Production of Documents that has been lost, destroyed, or cannot be found. For each such document, ESI, or tangible piece of evidence, please state (1) when it was lost or destroyed, (2) who lost or destroyed it, and (3) the reasons it was lost or destroyed.

25.

Please describe in detail your efforts to locate documents, information, and evidence (including e-mail and electronically stored information) in response to

9

Plaintiff's First Requests for Production of Documents and First Interrogatories. In your response, please state where you searched for documents (i.e, which records custodians); the search terms you used, if any; and the identity of every person who participated in locating responsive documents.

Dated: July 7, 2022

Respectfully submitted,

**SINGLETON LAW FIRM, LLC**

/s/: Donald W. Singleton
By:  Donald W. Singleton
Georgia Bar No. 649043
*Attorney for Plaintiff*

8425 Dunwoody Pl.
Atlanta, Georgia 30350
E: don@dwsingletonlaw.com
P:(770) 889-6010
F: (888) 314-6165

10

ċ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PICKENS COUNTY, GEORGIA

**2022SUCV0366**

JUL 15, 2022 11:03 AM

*Jennifer E. Jordan*
Jennifer E. Jordan, Clerk
Pickens County, Georgia

## IN THE SUPERIOR COURT OF PICKENS COUNTY
## STATE OF GEORGIA

TAMMY HOLLIFIELD,                    :
                                     :
            Plaintiff,               :
                                     :
Vs.                                  :        CIVIL ACTION FILE
                                     :        NO. _____
WAL-MART STORES EAST, LP             :
                                     :
                                     :
            Defendants.              :
                                     :

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## AND NOTICE TO PRODUCE DOCUMENTS TO DEFENDANTS

TO:   DEFENDANT

Pursuant to O.C.G.A. § 9-11-26, *et seq*., Plaintiff hereby requests that the

Defendant(s) respond as provided by law, with a copy of the responses being served

upon the undersigned counsel of record for the Plaintiff at Singleton Law Firm, LLC

8425 Dunwoody Pl., Atlanta, Georgia 30350.

### DEFINITIONS AND INSTRUCTIONS

A. These Requests for Production of Documents and notice to produce shall be

deemed continuing to the extent permitted by O.C.G.A. § 9-11-26 *et. seq.,* so

as to require Defendant to serve upon all parties supplemental answers or

documents if Defendant or its attorneys obtain further information between

the time the answers are served and the time of the trial.  Plaintiff also

requests that Defendant produce the originals of each document at trial and

any deposition of Defendant or their agents or employees.

B. "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material, **whether in physical or electronic form**.

C. You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

D. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

E. Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the period October 16, 2012 through and including the date of your response.

F. This Document Request requires you amend or supplement your production of documents called for by this Document Request.

G. In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss

2

or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

H. Plaintiff requests that, with respect to each document not produced because of a claim of privilege, you specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege.  Plaintiff requests that you provide such descriptions within fifteen days after service of your response, or responses, to these documents requests.

I. If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

J. "You," "your," or "yours" shall mean, unless otherwise specified in a particular request, Defendant and/or any agent or representative of Defendant during all times relevant to this action.

K. The terms "and/or," "or," and "and" are used inclusively, not exclusively.

L. The term "identify," or "identity," when used herein in reference to a natural person, means to state (1) his/her full name and the present or last known address of his/her residence, and last known telephone number (with area code prefix); (2) his/her present or last known business affiliation and

3

positions with respect thereto during the relevant time period as herein
defined, including a description of his/her duties and responsibilities.  If any
of the above information is not available, state any other available means of
identification.

M. "The terms "concerning" or "relating to" as used herein shall mean referring
to, reflecting or related in any manner, logically, factually, indirectly or
directly to the matter discussed.

N. The terms "evidencing" as used herein shall mean constituting, reflecting,
memorializing, referring to and/or supporting - logically, factually, indirectly
or directly - the matter discussed.

O. The term "Damages" shall mean all claims for relief alleged by Plaintiff in his
Complaint.

P. As used herein, the term "communication" includes, without limitation, every
manner or means of statement, utterance, notation, disclaimer, transfer, or
exchange of information of any nature whatsoever, by or to whomever,
whether oral, written, or face-to-face, by telephone, U.S. mail, personal
delivery, electronic mail, computer, or otherwise, specifically including,
without limitation, correspondence, conversations, dialogue, discussions,
interviews, consultations, agreements, and other understandings.

Q. All documents responsive to this request shall be produced in their original
form.  Documents originally in hard copy form shall be produced in that form.

4

Documents or items requested in electronic, optical, or magnetic media form shall be produced in the form requested as kept by you. In the event Plaintiff experiences difficulty in retrieving or translating said electronic, computer or magnetic data, Defendant shall produce all such documentary information contained within said data in hard copy form that does not require translation within five (5) days of receiving objection from Plaintiff without the necessity of court order.

R. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter gender. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

S. "Equipment" shall refer to any of the equipment that was being used during the incident that formed the basis of this suit.

T. "Entity" or "Entities" shall mean any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

U. If you assert the attorney-client privilege or work-product doctrine as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a

determination in the event of Motion to Compel.

V. **If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.**

## REQUESTS FOR PRODUCTION

Defendant is requested to produce each of the following:

1.

Any statement in your control from any person possessing relevant knowledge of the incident giving rise to this lawsuit, whether written or recorded.

2.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit.

3.

All documents evidencing, reflecting, relating to or constituting any communication between you and another party in this action.

4.

All documents supporting or relating to Plaintiff's or any Defendant's contentions of negligence, including any allegation of non-party fault.

5.

Any correspondence, statements, documents, or other tangible evidence involving any of the witnesses or other individuals involved or with knowledge of the incident forming the basis of Plaintiff's Complaint.

6.

All documents evidencing, reflecting, relating to or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

7.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

8.

All documents identified, referenced, or used to answer Plaintiff's discovery in this matter.

9.

Any and all documents that support any defenses or contentions raised in your Answer and pleadings, or any relevant fact to this litigation.

10.

All documents, pleadings and/or exhibits filed, served or prepared with any litigation involving personal injuries to which you have been a party and involving the premises and approaches in question for the past (5) years.

11.

Any maintenance, landscaping, permit, repair, inspection, or service records reflecting repairs, service, additions, modifications, or changes to the area where Plaintiff fell, and the premises and approaches at issue in Plaintiff's Complaint.

12.

All documentary evidence or other tangible evidence which relates, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

13.

Please produce all policies of insurance, to include the declaration pages, which do or may afford insurance coverage Defendant for Plaintiff's claims against Defendant.  This Request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, and medical-payments coverage. This request includes all documents affecting coverage, including reservation of rights documents.

14.

Please produce all reports and documents received from any persons who have investigated any issue(s) relevant to the subject fall and relevant to this lawsuit.

15.

Please produce all documents evidencing or reflecting any agreement regarding maintenance, cleaning, or inspecting the approaches and area where Plaintiff fell.

16.

Please produce all claims forms, accident reports, or other documentation evidencing prior or subsequent complaints, problems, injuries, or falls occurring on the premises or approaches where Plaintiff was injured.

17.

Please produce all log books, maintenance or inspection reports, permits, applications, work orders, or all other documents of any kind or by any other name which relate in any way to modifications to the inspection, walkthrough, cleaning, or maintenance of the area in question before and after Plaintiff fell.

18.

Please produce any demonstrative evidence relevant to the issues of this case.

19.

Please produce all documents, including employee handbooks, policy or procedure manuals, or video tapes, Defendant's policies regarding safety, training, testing, inspecting, repairing, or maintaining the premises, means of egress and ingress, approaches and the area forming the basis of Plaintiff's Complaint.

20.

Produce all safety inspection and maintenance reports / documents completed by any of your employees, agents or independent contractors with regard to the premises and approaches at issue from August 15, 2020 through and including August 27, 2020.

21.

Please produce safety inspection procedures with regard to the premises and approaches at issue.

22.

Produce all civil Complaints, or internal incident reports, warnings, e-mails, and documents completed by your employees, agents or independent contractors regarding substantially similar claims, complaints, or incidents for the past seven (7) years at the Wal-Mart store No. 5786.

23.

Please produce all contracts or agreements entered into between Defendant and/or any other individual or company and regarding maintaining or inspecting the premises, approaches and area forming the basis of Plaintiff's Complaint.

24.

The entire file of all experts you intend to call at trial, including any document the expert reviewed, considered, or relied upon in forming his/her opinions; the expert's testimony/case lists; and the expert's curriculum vitae.

25.

Produce all notes, memoranda, minutes, and all other written evidence of
safety meetings held by you from 2020 to the present at the subject Wal-Mart store.

26.

Produce all architectural plans, drawings or designs of the premises in
question, including layout of the area where Plaintiff fell.

27.

Please produce any complaints, notices, memoranda, emails, security logs, or
any other documents concerning the area where Plaintiff fell from August 24, 2019
through August 26, 2020.

28.

All disciplinary actions, adverse actions, counseling statements, cancelled
contracts, reprimands, termination letters, or other documents related in any way
to the incident at issue.

29.

All documents which relate in any way to the inspection, maintenance,
condition and repairs which in any way concern or affect the area where Plaintiff
fell in 2020 through present.

You are requested to comply with said requests by producing and permitting
the Plaintiff's attorney to inspect and copy the documents requested. In lieu of
appearance at a document production, you may instead mail true and accurate

copies of all documents or evidence to Singleton Law Firm, LLC 8425 Dunwoody Pl.,

Atlanta, Georgia 30350.

Dated: July 15, 2022

Respectfully submitted,

**SINGLETON LAW FIRM, LLC**

/s/: Donald W. Singleton
Donald W. Singleton
Georgia Bar No. 649043
*Attorney for Plaintiff*

8425 Dunwoody Pl.
Atlanta, Georgia 30350
E: don@dwsingletonlaw.com
P: (770) 889-6010
F: (888) 314-6165

12

IN THE SUPERIOR COURT OF PICKENS COUNTY
STATE OF GEORGIA

TAMMY HOLLIFIELD,                                    Civil Action File No.
                                                     2022SUCV0366
              Plaintiff,

v.

WAL-MART STORES EAST, LP,

              Defendant.

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this

Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief

can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## SEVENTH DEFENSE

Plaintiff's claims are barred by laches.

## EIGHTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

### 1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

### 2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's

Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.  Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

4.

Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.  Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

6.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's

Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint, and further denies a "dangerous and hazardous condition".

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complain, as stated.

17.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant re-alleges and reaffirms the answers contained in paragraphs 1 through 19 above, as if fully set forth herein, and states as follows:

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint, including subparagraphs a), b), c), d), e), f), g), h), and i) thereof.

Second paragraph 26.

Defendant denies the allegations contained in second paragraph 26 of the Plaintiff's Complaint.

27.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

28.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), (d), and (e) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

 /s/   Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORE EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

Page -7-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Peach Court E-File.

This the __6th__ day of September, 2022.

McLAIN & MERRITT, P.C.


/s/   Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

Page -8-